FILED

FEB 2 9 2016

AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

U.S. DISTRICT COURT - N.D. OF N.Y.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

William H. Dourlain,

           Plaintiff,           Civil Action No. 5:16-CV-245 (GTS/DEP)

    v.

United States/Internal Revenue Service

           Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURISDICTION

This is not a suit for an injunction or restraint but, is a suit concerning the current application of the law, public protection, rights and the validity of notice of federal tax liens. The Court has jurisdiction over this action pursuant to 28 USC 1331, 1340, 2401, 2410.

## PARTIES

        Plaintiff:        William H.Dourlain

        Address:        8048 Cazenovia Rd, Manlius, NY  13104

Defendants:          Internal Revenue Service

Addresses            1500 Pennsylvania Ave

                     Washington, DC 20220

                            And

                     The U.S. Attorney General

               Constitution Ave. and 10th St. N.W.

                     Washington, DC 20530

## FACTS

Attached are several known Notice of Federal Tax Liens filed against the plaintiff.  The plaintiff

has brought to attention most of the claims listed below in a letter received by the defendant on

12-17-15 and asked for a meeting to discuss the claims.  In a letter (attached) dated 2-24-16 a

Ms. Holly Nicholson (ID# 1001023159) stating the claims will not be addressed and threatens

possible seizure (without court order) of plaintiff's assets.

## Cause of Action

1)  By filing Notice of Federal Tax Liens and claiming authority pursuant to 26 USC 6321, the

defendant has violated the Administrative Procedure Act under Title 5 of the USC.  The

following will prove this violation:

Starting with some definitions:  5 USC 551 (4) defines a rule.  In part it reads: *"(4) "rule"*

*means the whole or a part of an agency statement of general or particular applicability and*

*future effect designed to implement, interpret, or prescribe law or policy…. "*.   5 USC 551 (5)

defines rule making: *"(5) "rule making" means agency process for formulating, amending, or*

*repealing a rule;"*.   A "sanction" is defined in 5 USC 551(10) and in part reads: *"(10)*

*"sanction" includes the whole or a part of an agency – (A) prohibition, requirement, limitation,*

*or other condition affecting the freedom of a person; (C) imposition of penalty or fine; (D)*

*destruction, taking, seizing, or withholding of property"*. 5 USC 558(b) and reads: *"(b) A*

*sanction may not be imposed or a substantive rule or order issued except within jurisdiction*

*delegated to the agency and as authorized by law"*.     5 USC 551(13) defines an agency

action to *"include the whole or a part of an agency rule, order, license, sanction, relief, or the*

*equivalent or denial thereof, or failure to act;".* It is clear from above that the issuing of a Notice of Lien is a "rule" and the penalties include in the "rule" are a sanction.

Proving this claim the task then turns into the search for the jurisdiction and the authorization by law of an agencies' rule or sanction. Going to The Parallel Table of Authorities is a good first stop in proving plaintiffs claim. The table is prima facie evidence as stated in 44 USC 1510 but is sufficient to shift the burden of proof to the defendant. This evidence although presented before has been ignored. Below is part of the Table showing that the regulation showing the rulemaking authority of Liens (26 USC 6321) is from the BATF. With emphasis in part reads:

*PARALLEL TABLE OF AUTHORITIES AND RULES*

--------------------------------------------------------------------

*The following table lists* **rulemaking authority** *(except 5 U.S.C. 301) for regulations codified in the Code of Federal Regulations. Also included are statutory citations which are noted as being interpreted or applied by those regulations.*
*The table is divided into four segments: United States Code citations, United States Statutes at Large citations, public law citations, and Presidential document citations. Within each segment the citations are arranged in numerical order:*
*For the United States Code, by title and section;*
*For the United States Statutes at Large, by volume and page number;*
*For public laws, by number; and*
*For Presidential documents (Proclamations, Executive orders, and Reorganization plans), by document number.*
***Entries in the table are taken directly from the rulemaking authority citation provided by Federal agencies in their regulations.*** *Federal agencies are responsible for keeping these citations current and accurate. Because Federal agencies sometimes present these citations in an inconsistent manner, the table cannot be considered all-inclusive.*
*The portion of the table listing the United States Code citations is the most comprehensive, as these citations are entered into the table whenever they are given in the authority citations provided by the agencies. United States Statutes at Large and public law citations are carried in the table only when there are no corresponding United States Code citations given.*

*26 U.S.C. (1986 I.R.C.)*

*6321.........................................................27 Part 70*

*6331--6343...................................................27 Part 70*

The Parallel Table of Authorities is also described in 1 CFR 8.5.  In part with emphasis reads:

*TITLE 1--GENERAL PROVISIONS*

*CHAPTER I--ADMINISTRATIVE COMMITTEE OF THE FEDERAL REGISTER*

*PART 8--CODE OF FEDERAL REGULATIONS--Table of Contents*

*Sec. 8.5  Ancillaries.*

*The Code shall provide, among others, the following-described finding aids:*
*(a) Parallel tables of statutory authorities and rules. In the Code of Federal Regulations Index or at such other place as the Director of the Federal Register considers appropriate**, numerical lists of all sections of the current edition of the United States Code (except section 301 of title 5) which are cited by issuing agencies as rulemaking authority for currently effective regulations in the Code of Federal Regulations.** The lists shall be arranged in the order of the titles and sections of the United States Code with parallel citations to the pertinent titles and parts of the Code of Federal Regulations.*

*Rulemaking* as defined in the Black's law dictionary is: *The process used by an administrative agency to formulate, amend, or repeal a rule or regulation.*  Again, the Table shows the regulation that has the authority of 26 USC 6321 (lien) and the rulemaking authority is a BATF regulation, 27 CFR 70.141.

Going further: 1 CFR 21.52 details how to cite statutory material and in this case the material is in the form of a regulation.  In part 1 CFR 21.52 reads:

*Sec. 21.52  Statutory material.*

*(a) United States Code. All citations to statutory authority shall include a United States Code citation, where available. Citations to titles of the United States Code, whether or not enacted into positive law, may be cited without Public Law or U.S. Statutes at Large citation. For example:*

*Authority: 10 U.S.C. 501.*

Regulation 27 CRF 70.141 cites 26 USC 6321 as its authority as opposed to 26 CFR 301.6321 that does not cite any statute and is non statutory in nature as defined by 1 CFR 21.53:   *"Nonstatutory documents shall be cited by document designation and by Federal Register volume and page, followed, if possible, by the parallel citation to the Code of Federal Regulations".*

From the above it is clear that the statutory regulation that cites the authority of 26 USC 6321 is a BATF regulation along with fact The Parallel Table of Authorities shows the agency with rule making jurisdiction delegated and authorization of 26 USC 6321 is the BATF.

2)   It is the plaintiff claim that no Executive Order is currently on record to establish internal revenue districts for the purpose of administrating internal revenue laws.

*26 U.S. Code § 7621 - Internal revenue districts*

**(a) Establishment and alteration**
*The President shall establish convenient internal revenue districts for the purpose of administering the internal revenue laws. The President may from time to time alter such districts.*

**§301.7621-1  Internal revenue districts.**
*For delegation to the Secretary of authority to prescribe internal revenue districts for the purpose of administering the internal revenue laws, see Executive Order No. 10289, dated September 17, 1951 (16 FR 9499), as made applicable to the Code by Executive Order No. 10574, dated November 5, 1954 (19 FR 7249).*

Treasury Order 150-01 Established Regional and District offices of the Internal Revenue

pursuant to E.O. #10289 and #10574. (Federal Register  Vol. 60, No 195, pg. 52726)

> **DEPARTMENT OF THE TREASURY**
> **[Treasury Order Number 150–01]**
> **Regional and District Offices of the**
> **Internal Revenue Service**
> *Dated: September 28, 1995.*
> *Under the authority given to the*
> *President to establish and alter internal*
> *revenue districts by Section 7621 of the*
> *Internal Revenue Code of 1986, as*
> *amended, and vested in the Secretary of*
> *the Treasury by Executive Order 10289*
> *(approved September 17, 1951, as*
> *amended) as made applicable to Section*
> *7621 of the Internal Revenue Code of*
> *1986, as amended (as previously*
> *contained in the Internal Revenue Code*
> *of 1954) by Executive Order 10574*
> *(approved November 5, 1954);*

 At one time the Parallel Table of Authorities cross reference E.O #10289 to a Customs

regulation but that has become moot due to the cancelation of Treasury Order 150-01 as

seen in Treasury order 150-02 paragraph 18 dated March 9, 2001

Even if Executive Order #10289 was still in effect in paragraph (g) of that order mentions the

creation of collection district by the powers vested in the President pursuant to 26 USC 3650

of the 1939 Internal Revenue Code.  Since the current 26 USC is not Positive Law it is only

prima facie evidence of the law, the Statutes at Large must be looked at to see the intent of

the law and any difference between the Statutes at Large and the USC.  A very useful tool to

cross reference code sections and find out how the code sections were derived from the

original Statutes at Large is the Statutes at Large Pamphlet, Joint Committee in Taxation,

'Derivations of Code Sections of the Internal Revenue Code of 1939 and 1954' (JCS-1-92).

From this look up tool it can be seen that section 3650 is the section that 26 USC 7621 of the

1954 code was derived from.  The 1954 code and the current code are in most cases the

same, so 26 USC 7621 in the current code was derived from section 3650 of the 1939 code.

Section 3650 (a) reads just like section 7621(a) reads (as seen above). Going back, section 3650(a) was derived from the Revised Statutes in 1874 section 3141 of Title 35. Title 35 mostly deals with alcohol, tobacco but has provisions for banks, object subject to stamp taxes, legacy tax and customs duties. Since 26 USC 7621 has no implementing regulations that affect the public (not Published in the Federal Register) or have a rule making agency associated with it as seen in the Parallel Table of Authorities the attention turns to what sections mention the internal revenue districts that have regulations shown in the Parallel Table of Authorities. One section is 26 USC7601:

### 26 U.S. Code § 7601 - Canvass of districts for taxable persons and objects
#### (a) General rule

*The Secretary shall, to the extent he deems it practicable, cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed.*

As seen in the Parallel Table of Authorities 26 USC 7601 has its implementing regulation in 27 CFR. Regulations in 27 CFR are Bureau of Alcohol and Tobacco regulations.

*26 U.S.C. (1986 I.R.C.)—Continued     CFR*
*7601 .............................................27 Part 70*

Treasury Order 221 dated June 6 of 1972 established the Bureau of Alcohol and Tobacco and transfers power of certain functions and duties of Subtitle F (sections 6001 – 7874) away from the Internal Revenue Service. The Parallel Table of Authorities and the Derivation of Code look up tables verify what sections of Subtitle F were transferred to the BATF.

### Treasury Department Order No. 221

#### Establishment of the Bureau of Alcohol, Tobacco and Firearms

*June 6, 1972*

> *By virtue of the authority vested in me as Secretary of the Treasury, including the authority in Reorganization Plan No. 26 of 1950, it is ordered that:*
>
> *1. The purpose of this Order is to transfer, as specified herein, the functions, powers and duties of the Internal Revenue Service arising under laws relating to alcohol, tobacco, firearms, and explosives (including the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service) to the Bureau of Alcohol, Tobacco and Firearms (hereinafter referred to as the Bureau) which is hereby established….*
> *2. The Director shall perform the functions, exercise the power, and carry out the duties of the Secretary in the administration and enforcement of the following provisions of law:…..*
> *(b) Chapters 61 to 80, inclusive of the Internal Revenue Code of 1954, insofar as they relate to activities administered and enforced with respect to chapters 51, 52, and 53.*

From the above it is my claim that no internal revenue districts exist for the collection and enforcement of Subtitle A Income taxes.  The importance of this is shown in 4 USC 72 *"All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, except as otherwise expressly provided by law."*.

3) The regulations used by the Internal Revenue Service (referred to as 'the Service' from now on) for assessment authority and method of assessment 26 CFR 301.6201 and 26 CFR 301.6203 respectively are not published in the Federal Register.  This fact is clear and undeniable.  The Implications of not publishing and the effects to the general public are considerable and have ignored :

> *44 USC 1505.  **Documents to be published in the Federal Register.***
>
> *(a) Proclamations and Executive Orders; Documents Having General Applicability and Legal Effect; Documents Required To Be Published by Congress.*

> *1 CFR 5.2   **Documents required to be filed for public inspection and published.***

*The following document are required to be filed for public inspection with the office of the Federal Register and published in the Federal Register"*

*…. (c) Each document having general applicability and legal effect.*

*1 CFR 1.1  Definitions.*

*… Document having general applicability and legal effect means any document issued under proper authority prescribing a penalty or course of conduct, conferring a right, privilege, authority, or immunity, or imposing an obligation, and relevant or applicable to the general public, members of a class, or…*

*5 USC 552.  **Public information; agency rules, opinions, orders, records, and proceedings.***

*… Except to the extent that a person has actual and timely notice of the terms thereof, a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published….*

*26 CFR 601.601. **Rules and regulations.***

*(a) Formulation, (1) Internal revenue rules take various forms. The most important rules are issued as regulations and Treasury decisions prescribed by the Commissioner and approved by the Secretary or his delegate…*

*(d) Publication of rules and regulations—(1) General.  **All Internal Revenue Regulations and Treasury decisions are published in the Federal Register and in the Code of Federal Regulations.**  See paragraph (a) of Sec. 601.702.*

*26 CFR 601.702  **Publication, public inspection, and specific requests for records.***

*…(ii) Effect of failure to publish.  Except to the extent that a person has actual and timely notice of the terms of any matter referred to in paragraph (a)(1) of this section which is required to be published in the Federal Register, such person is not required in any manner to resort to, or be adversely affected by, such matter if it is not so published or is not incorporated by reference therein pursuant to paragraph (a) (2) (i) of this section.  **Thus, for example, any such***

*matter which imposes an obligation and which is not so published or incorporated by reference shall not adversely change or affect a person's rights.*

From the above it is the plaintiff's claim that the assessments shown in the attached Notice of Liens are invalid.

4) The undeniable fact is that 26 USC is not positive law and is only prima facie evidence of law and is rebuttable. From the uscode.house.gov site "The text of the law appearing in the Statutes at Large prevails over the text of the law appearing in a non-positive law title." Using the lookup table from the Joint Committee in Taxation, 'Derivations of Code Sections of the Internal Revenue Code of 1939 and 1954' (JCS-1-92) reveals Section 6201(a) (Assessment authority) was originally derived from Revised Statutes of 1874 section 3182. The types of taxes to be assessed are shown in Statute at Large volume 17 page 402 are related to Alcohol and Tobacco.  This goes hand in hand with the Parallel Table of Authorities showing the Implementing regulations of 26 USC 6201 come from 27 Part 70.  In particular, 27 CFR 70.71 has the statutory authority of 26 USC 6201, not 26 CFR 301.6201 and 26 CFR 1.6201 is nonexistent (covered in Claim 10).  Again, it is the plaintiff's claim that the assessments shown on the notice of liens are invalid.

5) The undeniable fact is that 26 USC is not positive law and is only prima facie evidence of law and is rebuttable. From the uscode.house.gov site "The text of the law appearing in the Statutes at Large prevails over the text of the law appearing in a non-positive law title." Using the lookup table from the Joint Committee in Taxation, 'Derivations of Code Sections of the Internal Revenue Code of 1939 and 1954' (JCS-1-92) reveals Section 26 USC 6321is derived from Revised Statute of 1874 section 3186. Section 3186 was derived from a statute dated July 13, 1866 and covered cotton and distilled spirits (also mentions levies).  Statute at Large volume 45 amended the method of the lien but did not change the subject of the

lien.  This goes hand in hand with the Parallel Table of Authorities showing the

Implementing regulations of 26 USC 6321 come from 27 Part 70.  In particular, 27 CFR

70.141 has the statutory authority of 26 USC 6321, not 26 CFR 301.6321 and 26 1 CFR

1.6321 is nonexistent (covered in Claim 10).  It is the plaintiff claim that the Service does not

have the authority to file a claim against the plaintiff.  This ties in with claim 1

6)  It is the plaintiffs claim that the plaintiff never had and does not have a voluntary withholding

agreement under 26 CFR 31.3401(a)-3 and taxable wages should not have been reported

on information return form W-2.  Federal Employment withholding, withholding agreements

and the reporting of federal wages are coved in 26 USC Subtitle C and regulations 26 CFR

Part 31.  The judicial collection authority of Subtitle C is shown in 5 USC 5512-5520a.

According to the law, withholding and withholding agreements that generate the reporting of

taxable wages on a W-2 for a private sector employee has a very limited scope but is widely

used.  In plaintiff's case as a private employee, no applicability at all.  The following laws

and regulations show the applicability of withholding, withholding agreements and wage

reporting on form W-2. Starting with 5 USC 5517:

> ### 5 U.S. Code § 5517 - Withholding State income taxes
>
> *prev | next*
>
> **§ 5517.**
> **Withholding State income taxes**
> **(a)** When a State statute—
> **(1)**
> provides for the collection of a tax either by imposing on employers generally the
> duty of withholding sums from the pay of employees and making returns of the
> sums to the State, or by granting to employers generally the authority to withhold
> sums from the pay of employees if any employee voluntarily elects to have such
> sums withheld; and
> **(2)**
> imposes the duty or grants the authority to withhold generally with respect to the
> pay of employees who are residents of the State;
> the Secretary of the Treasury, under regulations prescribed by the President,
> shall enter into an agreement with the State within 120 days of a request for
> agreement from the proper State official. The agreement shall provide that the
> head of each agency of the United States shall comply with the requirements of
> the State withholding statute in the case of employees of the agency who are

*subject to the tax and whose regular place of Federal employment is within the State with which the agreement is made. In the case of pay for service as a member of the armed forces, the preceding sentence shall be applied by substituting "who are residents of the State with which the agreement is made" for "whose regular place of Federal employment is within the State with which the agreement is made".*

The Parallel Table of Authority's show the regulations with rule making authority to implement 5 USC 5517 are 31 CFR 215.  Notice withholding and the reporting of W-2's and to whom they apply to:

*§215.1   Scope of part.*
*This part relates to agreements between the Secretary of the Treasury and States (including the District of Columbia), cities or counties for withholding of State, city or county income or employment taxes from the compensation of civilian Federal employees, and for the withholding of State income taxes from the compensation of members of the Armed Forces*

*§215.2   Definitions.*

*(d) Compensation as applied to employees of an agency and members of the Armed Forces means wages as defined in 26 U.S.C. 3401(a) and regulations issued thereunder.*

*(h)(1) Employees for the purpose of State income tax withholding, means all employees of an agency, other than members of the armed forces*

*§215.8   Withholding certificates.*

*Each agency may require employees or members of the Armed Forces under its jurisdiction to complete a withholding certificate in order to calculate the amount to be withheld. The agency shall use the withholding certificate which the State, city or county has prescribed*

*§215.10   Agency withholding procedures.*

*(d) Copies of Federal Form W-2, "Wage and Tax Statement", may be used for reporting withheld taxes to the State, city or county.*

26 USC 6413 list specific employers with respect to any adjustments in remuneration deductions due to incorrect Subtitle C Employment taxes paid.  Notice 26 USC 3402 is listed as a tax.  Also notice, there isn't any way to correct for taxes overpaid for private sector employers and employees.

**26 U.S. Code § 6413 - Special rules applicable to certain employment taxes**
**(a) Adjustment of tax**

**(1) General rule**

*If more than the correct amount of tax imposed by section 3101, 3111, 3201, 3221, or 3402 is paid with respect to any payment of remuneration, proper adjustments, with respect to both the tax and the amount to be deducted, shall be made, without interest, in such manner and at such times as the Secretary may by regulations prescribe.*

**(2) United States as employer**

*For purposes of this subsection, in the case of remuneration received from the United States or a wholly-owned instrumentality thereof during any calendar year, each head of a Federal agency or instrumentality who makes a return pursuant to section 3122 and each agent, designated by the head of a Federal agency or instrumentality, who makes a return pursuant to such section shall be deemed a separate employer.*

**(3) Guam or American Samoa as employer**

*For purposes of this subsection, in the case of remuneration received during any calendar year from the Government of Guam, the Government of American Samoa, a political subdivision of either, or any instrumentality of any one or more of the foregoing which is wholly owned thereby, the Governor of Guam, the Governor of American Samoa, and each agent designated by either who makes a return pursuant to section 3125 shall be deemed a separate employer.*

**(4) District of Columbia as employer**

*For purposes of this subsection, in the case of remuneration received during any calendar year from the District of Columbia or any instrumentality which is wholly owned thereby, the Mayor of the District of Columbia and each agent designated by him who makes a return pursuant to section 3125 shall be deemed a separate employer.*

**(5) States and political subdivisions as employer**

*For purposes of this subsection, in the case of remuneration received from a State or any political subdivision thereof (or any instrumentality of any one or more of the foregoing which is wholly owned thereby) during any calendar year, each head of an agency or instrumentality, and each agent designated by either, who makes a return pursuant to section 3125 shall be deemed a separate employer.*

26 USC 3401 and regulation 26 CFR 31.3401(c) define employee for Subtitle C, Chapter 24

purposes.  They are very specific and do not include private employees.

*26 U.S. Code § 3401 – Definitions*
*(c) Employee*
*For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation.*

*§31.3401(c)-1   Employee.*
*(a) The term employee includes every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee. The term includes officers and employees, whether elected or appointed, of the United States, a State, Territory, Puerto Rico, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing.*

Note the inclusion of "an officer of a corporation".  Section 3401 was derived from the

"Current Tax Payment Act" seen in Statute at Large vol. 57, page 126' section 1621.  This

act was passed in 1943, after the "Public Salary Act of 1939".  The "Public Salary Act"

defined a corporation in section 207 of that act.

*AN ACT*

*Relating to the taxation of the compensation of public officers and employees.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,  That this act may be cited as the "Public Salary Tax Act of 1939".*

*Sec. 207. No collection of any tax (including interest, additions to tax, and penalties) imposed by any State, Territory, possession or local taxing authority on the compensation, received before January 1, 1939, for personal service as an officer or employee of the United States or any agency or instrumentality thereof which is exempt from Federal income taxation and, if a corporate agency or instrumentality, is one (a) a majority of the stock of which is owned by or on behalf of the United States, or (b) the power to appoint or select a majority of the board of directors of which is exerciseable by or on behalf of the United States, shall be made after the date of the enactment of this Act.*

Another example of the application of Subtitle C Chapter 24 is show in Publication 15-Circular E (Employer's Tax Guide) as mentioned in 26 CFR part 31 regulations.  Notice that Publication 15 and TMF 3-4000 apply to federal agencies and TFM 3-4000 mentions 31 CFR Part 215 *supra.*

**31.3402(b)-1   *Percentage method of withholding.***
*With respect to wages paid after April 30, 1975, the amount of tax to be deducted and withheld under the percentage method of withholding shall be determined under the applicable percentage method withholding table contained in Circular E (Employer's Tax Guide) according to the instructions contained therein.*

**§31.3402(c)-1   *Wage bracket withholding.***
*(a) In general. (1) The employer may elect to use the wage bracket method provided in section 3402(c) instead of the percentage method with respect to any employee. The tax computed under the wage bracket method shall be in lieu of the tax required to be deducted and withheld under section 3402(a). With respect to wages paid after July 13, 1968, the correct amount of withholding shall be determined under the applicable wage bracket withholding table contained in the Circular E (Employer's Tax Guide) issued for use with respect to the period in which such wages are paid*

**Publication 15**

**Cat. No. 10000W**

**(Circular E), Employer's Tax Guide**
**Federal Government employers.** *The information in this publication, including the rules for making federal tax deposits, applies to federal agencies.*

*State and local government employers. Payments to employees for services in the employ of state and local government employers are generally subject to federal in-come tax withholding but not FUTA tax*

*2009 Pub15*
*Federal Government employers. The information in this guide applies to federal agencies except for the rules or requiring deposit of federal taxes only at Federal Reserve banks or through the FedTax option of the Government On-Line Accounting Link Systems (GOALS). See the Treasury Financial Manual (I TFM 3-4000) for more information*

*Treasury Financial Manual*

*WITHHOLDING OF DISTRICT OF COLUMBIA, STATE, CITY, AND COUNTY INCOME OR EMPLOYMENT TAXES (T/L 689)*
*This chapter provides instructions for withholding State, city, or county income taxes when an*
*agreement has been reached between a State, a city, or a county and the Secretary of the Treasury*
*(Secretary).*
*Section 5010—Scope and Applicability*
*Agreements between the Secretary and States, cities, or counties prescribe how Federal agencies withhold income or employment taxes from the compensation of Federal employees and Armed Forces members*
*(see 31 CFR Part 215).*

From the above it is seen that withholding "income" from its source (employment) for Subtitle C, Chapter 24 taxes do not include private sector employees or employers and do not apply to the wages paid to a private sector employee.  One exception does exist for a private sector employee to have his/her wages considered subject to withholding, voluntary withholding agreements.   As can be seen in 26 CFR 31.3401(a)-3 when a voluntary withholding agreement is in effect, wages that were not defined as wages in section 3401(a) become wages under section 3401(a) or simply put, wages not subject to withholding  tax become subject to withholding tax.

*§31.3401(a)-3  Amounts deemed wages under voluntary withholding agreements.*

*(a) In general. Notwithstanding the exceptions to the definition of wages specified in section 3401(a) and the regulations thereunder, the term "wages" includes the amounts described in paragraph (b)(1) of this section with respect to which there is a voluntary withholding agreement in effect under section 3402(p). References in this chapter to the definition of wages contained in section 3401(a) shall be deemed to refer also to this section (§31.3401(a)-3).*

*(b) Remuneration for services. (1) Except as provided in subparagraph (2) of this paragraph, the amounts referred to in paragraph (a) of this section include any remuneration for services performed by an employee for an employer which, without regard to this section, does not constitute wages under section 3401(a). For example, remuneration for services performed by an agricultural worker or a domestic worker in a private home (amounts which are specifically excluded from the definition of wages by section 3401(a) (2) and (3), respectively) are amounts with respect to which a voluntary withholding agreement may be entered into under section 3402(p). See §§31.3401(c)-1 and 31.3401(d)-1 for the definitions of "employee" and "employer".*

A voluntary agreement may be entered into with amounts includible in gross income under Subtitle A income taxes. The form for this voluntary agreement is Form W-4 and the voluntary agreement may be terminated.   This is show in 26 CFR 31.3402(p)-1.

*§31.3402(p)-1  Voluntary withholding agreements.*

*(a) Employer-employee agreement. An employee and his employer may enter into an agreement under section 3402(p)(3)(A) to provide for the withholding of income tax upon payments of amounts described in paragraph (b)(1) of §31.3401(a)-3, made after December 31, 1970. An agreement may be entered into under this section only with respect to amounts which are includible in the gross income of the employee under section 61, and must be applicable to all such amounts paid by the employer to the employee. The amount to be withheld pursuant to an agreement under section 3402(p)(3)(A) shall be determined under the rules contained in section 3402 and the regulations thereunder. See §31.3405(c)-1, Q&A-3 concerning agreements to have more than 20-percent Federal income tax withheld from eligible rollover distributions within the meaning of section 402.*

*(b) Form and duration of employer-employee agreement. (1)(i) Except as provided in subdivision (ii) of this subparagraph, an employee who desires to enter into an agreement under section 3402(p)(3)(A) shall furnish his employer with Form W-4 (withholding exemption certificate) executed in accordance with the provisions of section 3402(f) and the regulations thereunder. The furnishing of such Form W-4 shall constitute a request for withholding.*

*(ii) In the case of an employee who desires to enter into an agreement under section 3402(p)(3)(A) with his employer, if the employee performs services (in addition to those to be the subject of the agreement) the remuneration for which is subject to mandatory income tax withholding by such employer, or if the employee wishes to specify that the agreement terminate on a specific date, the employee shall furnish the employer with a request for withholding which shall be signed by the employee, and shall contain—*

*(a) The name, address, and social security number of the employee making the request,*

*(b) The name and address of the employer,*

*(c) A statement that the employee desires withholding of Federal income tax, and applicable, of qualified State individual income tax (see paragraph (d)(3)(i) of §301.6361-1 of this chapter (Regulations on Procedures and Administration)), and*

*(d) If the employee desires that the agreement terminate on a specific date, the date of termination of the agreement.*

*If accepted by the employer as provided in subdivision (iii) of this subparagraph, the request shall be attached to, and constitute part of, the employee's Form W-4. An employee who furnishes his employer a request for withholding under this subdivision shall also furnish such employer with Form W-4 if such employee does not already have a Form W-4 in effect with such employer.*

## <u>This is very important</u>.  What happens when signing under penalty of perjury a Form W-4 pursuant to 26 CFR 31-3402(p)-1 is that one declares his wages that were not subject to a withholding tax are now subject to that withholding tax and that **the wages received will be included in gross income under Subtitle A.**

The plaintiff has NEVER entered willingly into a voluntary agreement as seen above.  To have the same form (W-4) for mandatory withholding as seen in 26 CFR 31.3402(f)(2)-1(a) and voluntary agreement on wages not subject to withholding as seen in 31.3402(p)-1 is constructive fraud.

To go further with this, Form W-2 is considered an "information return.  This is shown in the income tax regulation 26 CFR 1.6041-2:

> **§1.6041-2  *Return of information as to payments to employees.***
>
> *(a)(1) In general. Wages, as defined in section 3401, paid to an employee are required to be reported on Form W-2. See section 6011 and the Employment Tax Regulations thereunder. All other payments of compensation, including the cash value of payments made in any medium other than cash, to an employee by his employer in the course of the **trade or business** of the employer must also be reported on Form W-2 if the total of such payments and the amount of the employee's wages (as defined in section 3401), if any, required to be reported on Form W-2 aggregates $600 or more in a calendar year.*

The term "trade and business is very important, it is a special, specific definition that redefines commonly understood terms and is applied throughout 26 USC and does not include the private sector worker:

> ***26 USSC 7701 (a)*** *When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof—*
>
> ***(26) Trade or business***
> *The term "trade or business" includes the performance of the functions of a public office.*

7) This claim details Gross Income and its application. Starting with the definition of "gross income".  Since 26 USC is not enacted into Positive law it is only prima facie evidence of law and one has to look at the Statutes at Law for the origin and meaning of the law and any differences between the Statutes at Large and the Code.  From the Joint Committee in Taxation comes a helpful lookup tool called the "Derivations of Code Sections of the Internal Revenue Code of 1939 and 1954" (JCS-1-92) January 21, 1992, US Government Printing Office.  This lookup tool has two tables, the first shown the 1939 code to the Statutes at Large and the second table shown the 1954 code (that has mostly the same numbering of

the code used today) to the 1939 code.  Section 61 of the 1954 code defines *gross income*

as income from whatever source derived, including items of compensation for service.

Section 61 of the 1954 code was derived from section 22a of the 1939 code and that section

was derived from Statute at Large vol. 52 section 22 and reads:

> *SEC. 22. GROSS INCOME.*
> *(a) GENERAL DEFINITION.-`Gross income" includes gains, profits,*
> *and income derived from salaries, wages, or compensation for personal*
> *service, of whatever kind and in whatever form paid, or from*
> *professions, vocations, trades, businesses, commerce, or sales, or dealings*
> *in property, whether real or personal, growing out of the*
> *ownership or use of or interest in such property ; also from interest,*
> *rent dividends, securities, or the transaction of any business carried*
> *on for gain or profit, or gains or profits and income derived from*
> *any source whatever . In the case of Presidents of the United States*
> *and judges of courts of the United States taking office after June 6,*
> *1932, the compensation received as such shall be included in gross*
> *income ; and all Acts fixing the compensation of such Presidents and*
> *judges are hereby amended accordingly.*

Notice the general definition of gross income is linked to gain or profit and is different from

what is in the current code.  Gross income also includes the Presidents and judges'

compensation.

A comprehensive easy to follow layout for the income tax is Statute at Large vol. 52 section 3

and 4. These sections show a breakdown of different classifications of taxpayers subject to

the income tax provisions of the statute. All classifications of taxpayers are subject to the

general provisions, supplements A-D of the income tax laws and an additional supplement

applicable for each classification of taxpayer.  General provisions and supplements A-D

cover such things as the definition of gross income, computation of net income, income from

source within the United States, returns and penalties.  Notice the classifications of taxpayers

subject to the provisions are specific and are lettered a-j.  Taxpayer classification (a) uses

additional supplement E, taxpayer classification (b) uses additional supplement F and so on.

Notice the classification list is specific and does not include a citizen of the United States

working in the private sector in one of the several States.

### SEC. 3. CLASSIFICATION OF PROVISIONS.

*The provisions of this chapter are herein classified and designated as—*
*Subchapter A—Introductory provisions,*
*Subchapter B—General provisions, divided into Parts and sections,*
*Subchapter C—Supplemental provisions, divided into Supplements and sections.*

### SEC. 4. SPECIAL CLASSES OF TAXPAYERS.

*The application of the General Provisions and of Supplements A to D, inclusive, to each of the following special classes of taxpayers, shall be subject to the exceptions and additional provisions found in the Supplement applicable to such class, as follows:*
*(a) Estates and trusts and the beneficiaries thereof,—Supplement E.*
*(b) Members of partnerships,—Supplement F.*
*(c) Insurance companies,—Supplement G.*
*(d) Nonresident alien individuals,—Supplement H.*
*(e) Foreign corporations,—Supplement I.*
*(f) Individual citizens of any possession of the United States who are not otherwise citizens of the United States and who are not residents of the United States,—Supplement J.*
*(g) Individual citizens of the United States or domestic corporations, satisfying the conditions of section 251 by reason of deriving a large portion of their gross income from sources within a possession of the United States,—Supplement J.*
*(h) China Trade Act corporations,—Supplement K.*
*(i) Foreign personal holding companies and their shareholders,— Supplement P.*
*(j) Mutual investment companies—Supplement.*

The definition of "gross income was modified in 1939 by the Public Salary Tax Act of 1939

(Statute at Large volume 53 page 574).

*SECTION 1.   Section 22 (a) of the Internal Revenue Code (relating to the definition of "gross income") is amended by inserting after the words "compensation for personal service" the following: ("including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of the foregoing)".*

*SEC. 3.   Section 22 (a) of the Internal Revenue Code is amended by adding at the end thereof a new sentence to read as follows: "In the case of judges of courts of the United States who took office on or before June 6, 1932, the compensation received as such shall be included in gross income".*

From the following, the compensation of State employees was added to the definition of gross income and the dates effecting the compensation of the judges were changed. Section 4 of the Act consented the compensation of employees of the United States to be taxed under State jurisdiction. And can be seen in today's 4 USC 111.  Again, nothing mentioned to include a private sector worker.

> SEC. 4.   The United States hereby consents to the taxation of compensation, received after December 31, 1938, for personal service as an officer or employee of the United States, any Territory or possession or political subdivision thereof, the District of Columbia, or any agency or instrumentality of any one or more of the foregoing, by any duly constituted taxing authority having jurisdiction to tax such compensation, if such taxation does not discriminate against such officer or employee because of the source of such compensation.

The first tie between gross income and withholding of Employment Tax was the Victory Tax of 1942 (Statute at Large Volume 56).  Section 465 (e) define the "employee" and section 466 specifies it is to apply to gross income.  As seen, gross income was modified by the 1939 Public Salary Tax Act to have the compensation of state public officials include in gross income.  Section 467 defines the withholding agent.  It is apparent that that withholding of the Victory Tax applied to public employees

> "Part 11-Collection of Tax at Source on Wages
> "SEC. 465. DEFINITIONS .
> "As used in this part-
> "(d) EMPLOYEE.-The term `employee' includes an Officer, employee, or elected Official of the United States, a State, Territory, Or any political subdivision thereof, Or the District Of Columbia, Or any agency Or instrumentality Of any One Or more Of the foregoing . The term `employee' also includes an Officer Of a corporation .
>
> "SEC. 466. TAX COLLECTED AT SOURCE.
> " (a) REQUIREMENT OF WITHHOLDING.-There shall be withheld, collected, and paid upon all wages Of every person, to the extent that such wages are includible in gross income, a tax equal to 5 per centum of the excess of each payment Of such wages Over the withholding deduction allowable under this part.

> *"SEC. 467. WITHHOLDING AGENT.*
> *"(a) COLLECTION OF TAX.-The tax required to be withheld by section*
> *466 shall be collected by the person having control of the payment*
> *of such wages by deducting such amount from such wages as*
> *and when paid . As used in this subsection, the term `person' includes*
> *officers and employees of the United States, or of a State, Territory,*
> *or any political subdivision thereof, or of the District of Columbia, or*
> *any agency or instrumentality of any one or more of the foregoing .*

The "Current Tax Payment Act (Statute at Large, Vol 57, pg. 126) was passed in 1943.  It

closely resembles the current Employment Tax scheme and has the same definitions as

shown above.  No remarks about a wages of a private employee working in one of the

several states being subject to withholding.

From the above it is the plaintiff's claim that the plaintiff's activities are not included in the

term "Gross Income".

8)   The regulation used by the Service to define "Gross Income" 26 CFR 1.61-1 is not

published in the Federal Register.  This fact is clear and undeniable. The Service has

proceeded in claiming the plaintiff had gross income using an unpublished regulation.

This is a rebuttable presumption (claim 7) and the implications of not publishing a

regulation are shown in claim 3.

9)   The regulation used by the Service for Collection Authority 26 CFR 301.6301-1 is not

published in the Federal Register.  This fact is clear and undeniable. The implications for not

publishing regulations are shown in claim 3.  Also, the agency for rulemaking authority for 26

USC 6301 accord to the Parallel Table of Authorities is the BATF; this is covered in Claim 1.

Going further: In her letter dated 2-34-16, Ms. Nicholson states *"If I do not receive the items*

*listed on Form 9297 by the dates specified I will continue with collection.  This can include a*

*summons, placing a levy on your assets and possibly seizing and sale of your assets."*.  No

court order exists for seizure (see 26 CFR Part 403); no court order has been issued to

perfect the liens.  Ms. Nicholson has made a very serious threat that could violate

fundamental right guaranteed by the Constitution let alone stating she is personally going to

continue with collections.  Collections the plaintiff claims are not authorized by law.

10) Income tax regulations need to be published in 26 CFR Part 1.  This is seen in 26 CFR 1.0-

1:

> b) Scope of regulations. The regulations in this part deal with (1) the income
> taxes imposed under subtitle A of the Internal Revenue Code of 1954, and (2)
> certain administrative provisions contained in subtitle F of such Code relating
> to such taxes.

Regulations for assessment, liens, levy, and collection are among the few that are not

included in 26 CFR Part 1, they do not exist.  The importance of regulations to enforce

revenue laws are shown in 26 USC 7805 and date back to the original Statutes at Large.

This fact supports claims 1 and 3

11) The filed liens are at best inchoate.  No judgement has been issued to prefect them.  For

example: From the Onondaga County Clerk, the lien with the serial number 945661913

shows a "*Judgement Against*" the plaintiff, a "*Judgement For*" the Service and "*Perfected*" in

Buffalo.  This particular lien was signed by a Gil Reyes on June 19, 2013 in Buffalo, NY and

was filed in Onondaga County Clerk's Office on June 21, 2013.  For Gil Reyes to sign the

lien as if it was the result of a judgement is fraudulent, the lien was not perfected as a result

of a judgement from a court of competent jurisdiction.  The US Attorney Manual clarifies the

need to perfect a lien after a judgement (emphasis added):

> *3-10.200 - Civil Postjudgment Financial Litigation Activity—Perfecting the
> Judgment*
> *Immediately following expiration of the 10-day automatic stay after entry of the
> judgment (whether by default, stipulation, court determination, or by the referral of
> a judgment from another district), see Fed. R. Civ. P. 62(a),* **immediate action
> shall be taken to perfect the judgment as a lien in accordance with the
> Federal Debt Collection Procedures Act. See 28 U.S.C. § 3201.**
>
> **Special care should be taken to ensure that the judgment is perfected as
> a lien by filing a certified copy of the abstract of the judgment in the**

> *manner in which a notice of tax lien would be filed under paragraphs (1)*
> *and (2) of 26 U.S.C. § 6323(f) of the Internal Revenue Code of 1986. A lien*
> *should be filed in accordance with state law filing requirements and should be filed*
> *in any state where the debtor owns real property.*

As shown above the Service has to conform to the Federal Debt Collection Procedure Act.

One of the items listed in the definition of debt owed to the United States is taxes.  This is

seen in 26 USC 3002 (3)(B):

> *(3) "Debt" means-*
>
> *(B)*
> *an amount that is owing to the United States on account of a fee, duty, lease, rent,*
> *service, sale of real or personal property, overpayment, fine, assessment, penalty,*
> *restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost*
> *incurred by the United States, or other source of indebtedness to the United States, but*
> *that is not owing under the terms of a contract originally entered into by only persons*
> *other than the United States;*

The purpose and application of the Federal Debt Collection Procedure Act is shown in 26

USC 3001.  In part reads:

> *(a)In General.—Except as provided in subsection (b), the [1] chapter provides the*
> *exclusive civil procedures for the United States—*
>
> *(1)*
>
> *to recover a judgment on a debt; or*
>
> *(2)*
>
> *to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.*
>
> *(b)Limitation.—*
>
> *To the extent that another Federal law specifies procedures for recovering on a claim or a*
> *judgment for a debt arising under such law, those procedures shall apply to such claim or*
> *judgment to the extent those procedures are inconsistent with this chapter.*

Again, the Notice of Liens have no court order, no abstract from a court order even though

they are filed as "Perfected".  Due process of law has been bypassed as a result of these

liens.

# **Relief Sought**

The condemning of the Attached Notice of Federal Tax Liens pursuant to 28 USC 2410.

Plaintiff demands a jury trial.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 2-29-2016

William H. Dourlain

**ONONDAGA COUNTY CLERK**
**JUDGMENT / LIEN INQUIRY**
**\*\*\*\* Printed by Public User \*\*\*\***
**Feb 12, 2016 3:27:08 PM**

**Docket Number :NA**

Index 2013F223                          Trans: 0

Judgment Against:                                    Ind. Date

BALMACRA INC AKA
BALMACARA INC
DOURLAIN WILLIAM A TRUSTEE OF THE BALMACRA INC AKA
BALMACARA INC PENSION PLAN AS NOMINEE OF
DOURLAIN WILLIAM H
3225 MCLEOD DR LAS VEGAS NV 89121-2257
                              Judgment For:
IRS-INTERNAL REVENUE SERVICE

Judgment Against:

Judgment For:

Perfected: BUFFALO          Tax or   FEDERAL TAX LIEN      Discharge:
                            Court:
Perfected:                  Time:
    Filed: 6/21/13          Time: 10:32
Damages: $ 0.00             Cost: $0.00                    Judg. Amt:
                                                              $ 81,161.42
        Atty: INTERNAL REVENUE OFFICER
Remark:
                              Remarks
      SERIAL NO 945661913

      CORRECTED ABOVE ENTRY TO INCLUDE DEFS ADDRESS
      6/28/13

| Form **668(Y)**<br>(Rev. 10-1999) | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | | |
|---|---|---|---|

| Small Business / Self Employed - Area: 1 | Serial Number<br>945661913 | For Optional Use by Recording Office |
|---|---|---|

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
BALMACRA INC A/K/A BALMACARA INC,
WILLIAM A DOURLAIN, TRUSTEE OF THE BALMACRA INC
A/K/A BALMACARA INC PENSION PLAN, AS NOMINEE OF
WILLIAM H DOURLAIN

**Residence**
3225 MCLEOD DR
LAS VEGAS, NV 89121-2257

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ended<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $18,285.60 |
| 1040 | 12/31/2005 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $17,478.21 |
| 1040 | 12/31/2006 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $16,764.55 |
| 1040 | 12/31/2008 | xxx-xx-9948 | 06/20/2011 | 07/20/2021 | $0.60 |
| 1040 | 12/31/2008 | xxx-xx-9948 | 02/20/2012 | 03/22/2022 | $14,399.81 |
| 1040 | 12/31/2009 | xxx-xx-9948 | 04/23/2012 | 05/23/2022 | $14,233.98 |

This lien attaches specifically and only to the property described as follows:  Any and all funds held in any of the following names:  Balmacra Inc., Balmacara Inc., or any pension plan titled in either such name, including but not limited to, the account held by William A. Dourlain as Trustee of such a pension plan, account number XXX-XXX029.

| Place of Filing<br>COUNTY CLERK<br>ONONDAGA COUNTY BUILDING<br>SYRACUSE, NY 13202 | Total | $81,161.42 |
|---|---|---|

This notice was prepared and signed at BUFFALO, NEW YORK, on this, the 19th day of June , 2013 .

| Signature | Title |
|---|---|
| GIL REYES, Employee # - 2114-2727 | REVENUE OFFICER, Phone # - (716)961-5636 |

(NOTE: Certificate of officer authorized by law to take acknowledgements is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971-2 C.B. 409
Part 1 – Recording Office



F201300221

**ONONDAGA COUNTY CLERK**
**JUDGMENT / LIEN INQUIRY**
**\*\*\*\* Printed by Public User \*\*\*\***
**Feb 12, 2016 3:27:49 PM**

**Docket Number :NA**

Index 2012F485                          Trans: 0

                              Judgment Against:                    Ind. Date

DOURLAIN WILLIAM H
1312 RT 91 FABIUS NY 13063-0000
                              Judgment For:

IRS-INTERNAL REVENUE SERVICE

Judgment Against:


Judgment For:


Perfected: MANHATTAN       Tax or
                           Court: FEDERAL TAX LIEN      Discharge:
Perfected:                 Time:
    Filed: 12/4/12         Time: 08:55
Damages: $ 0.00            Cost: $0.00                  Judg. Amt:
                                                           $ 81,081.42
        Atty: INTERNAL REVENUE OFFICER
Remark:
            Remarks
        SERIAL #908160712

11874

**Form 668 (Y)(c)**
(Rev. February 2004)

Department of the Treasury - Internal Revenue Service

## Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #1 Lien Unit Phone: (800) 913-6050 | Serial Number 908160712 | For Optional Use by Recording Office |
|---|---|---|

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

Name of Taxpayer  WILLIAM H DOURLAIN

Residence     1312 RT 91
              FABIUS, NY 13063-0000

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | XXX-XX-9948 | 07/25/2011 | 08/24/2021 | 18285.60 |
| 1040 | 12/31/2005 | XXX-XX-9948 | 07/25/2011 | 08/24/2021 | 17478.21 |
| 1040 | 12/31/2006 | XXX-XX-9948 | 07/25/2011 | 08/24/2021 | 16764.55 |
| 1040 | 12/31/2008 | XXX-XX-9948 | 06/20/2011 | 07/20/2021 |  |
| 1040 | 12/31/2008 | XXX-XX-9948 | 02/20/2012 | 03/22/2022 | 14319.08 |
| 1040 | 12/31/2009 | XXX-XX-9948 | 04/23/2012 | 05/23/2022 | 14233.98 |

| Place of Filing | COUNTY CLERK ONONDAGA CNTY BLDG SYRACUSE, NY 13202 | Total | $ | 81081.42 |
|---|---|---|---|---|

This notice was prepared and signed at     MANHATTAN, NY

the ____26th____ day of ___November___, _2012_

Signature                              Title  REVENUE OFFICER          21-14-2727
for GIL REYES                                 (716) 961-5636

F201200485

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 1 - Kept By Recording Office

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

08:55  12/04/12  2012F485  CD Onon Co

**ONONDAGA COUNTY CLERK**
**JUDGMENT / LIEN INQUIRY**
**\*\*\*\* Printed by Public User \*\*\*\***
**Feb 12, 2016 3:27:30 PM**

**Docket Number :NA**

Index 2013F221                                      Trans: 0

                                 Judgment Against:                    Ind. Date

BALMACRA INC AKA
BALMACARA INC
DOURLAIN WILLIAM A TRUSTEE OF THE BALMACRA INC AKA
BALMACARA INC PENSION PLAN AS NOMINEE
DOURLAIN WILLIAM H
3225 MCLEOD DR LAS VEGAS NV 89121-2257
                                 Judgment For:

IRS-INTERNAL REVENUE SERVICE

Judgment Against:

Judgment For:

Perfected: BUFFALO          Tax or FEDERAL TAX LIEN      Discharge:
                            Court:
Perfected:                  Time:
   Filed: 6/20/13           Time:08:45
Damages: $ 0.00             Cost: $0.00                  Judg. Amt: 81,161.42
                                                         $
      Atty: INTERNAL REVENUE OFFICER
Remark:
         Remarks
      SERIAL #945661913

| Form **668(Y)**<br>(Rev. 10-1999) | Department of the Treasury - Internal Revenue Service<br>**Notice of Federal Tax Lien** | |
|---|---|---|
| | Serial Number<br>945661913 | For Optional Use by Recording Office |
| Small Business / Self Employed - Area: 1 | | |

As provided by sections 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

**Name of Taxpayer**
BALMACRA INC A/K/A BALMACARA INC,
WILLIAM A DOURLAIN, TRUSTEE OF THE BALMACRA INC
A/K/A BALMACARA INC PENSION PLAN, AS NOMINEE OF
WILLIAM H DOURLAIN

**Residence**
3225 MCLEOD DR
LAS VEGAS, NV 89121-2257

IMPORTANT RELEASE INFORMATION: For each assessment listed below, unless notice of lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax<br>(a) | Tax Period Ended<br>(b) | Identifying Number<br>(c) | Date of Assessment<br>(d) | Last Day for Refiling<br>(e) | Unpaid Balance of Assessment<br>(f) |
|---|---|---|---|---|---|
| 1040 | 12/31/2004 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $18,285.60 |
| 1040 | 12/31/2005 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $17,478.21 |
| 1040 | 12/31/2006 | xxx-xx-9948 | 07/25/2011 | 08/24/2021 | $16,764.55 |
| 1040 | 12/31/2008 | xxx-xx-9948 | 06/20/2011 | 07/20/2021 | $0.00 |
| 1040 | 12/31/2008 | xxx-xx-9948 | 02/20/2012 | 03/22/2022 | $14,399.08 |
| 1040 | 12/31/2009 | xxx-xx-9948 | 04/23/2012 | 05/23/2022 | $14,233.98 |

This lien attaches specifically and only to the property described as follows: Any and all funds held in any of the following names: Balmacra Inc., Balmacara Inc., or any pension plan titled in either such name, including but not limited to, the account held by William A. Dourlain as Trustee of such a pension plan, account number XXX-XXX029.

| Place of Filing<br>COUNTY CLERK<br>ONONDAGA COUNTY BUILDING<br>SYRACUSE, NY 13202 | Total | $81,161.42 |
|---|---|---|

This notice was prepared and signed at BUFFALO, NEW YORK, on this, the 19th day of June, 2013.

| Signature *Mary L. Durant*<br>GIL REYES, Employee #- 2114-2727 | Title<br>REVENUE OFFICER, Phone # - (716)961-5636 |
|---|---|

(noateledgements is not essential to the validity of Notice of Federal tax lien Rev. Rul. 71-466, 1971-2 C.B. 409
Part 1 – Recording Office

F201300223

**Form 668 (Y)(c)**
(Rev. February 2004)

| 1872 | Department of the Treasury - Internal Revenue Service |
| --- | --- |

# Notice of Federal Tax Lien

| Area: SMALL BUSINESS/SELF EMPLOYED AREA #3 (800) 913-6050 | Serial Number 183515315 | For Optional Use by Recording Office |
| --- | --- | --- |

As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

001764

Name of Taxpayer       WILLIAM H DOURLAIN

Residence       411 WALNUT ST 5817
GREEN CV SPGS, FL 32043-3443

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
| --- | --- | --- | --- | --- | --- |
| 1040 | 12/31/2010 | XXX-XX-9948 | 04/21/2014 | 05/21/2024 | 29411.88 |
| 1040 | 12/31/2011 | XXX-XX-9948 | 09/22/2014 | 10/22/2024 | 113819.56 |

| Place of Filing | | |
| --- | --- | --- |
| CLERK OF CIRCUIT COURT CLAY COUNTY GREEN COVE SPRINGS, FL 32043 | Total | 143231.44 |

This notice was prepared and signed at _____ BALTIMORE, MD _____ , on this,

the __28th__ day of __October__ , __2015__ .

| Signature *Cheryl Cordero* for N. JOHNSON | Title REVENUE OFFICER (904) 665-2021 | 23-09-3741 |
| --- | --- | --- |

**(NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax Lien
Rev. Rul. 71-466, 1971 - 2 C.B. 409)

CAT. NO 60025X
**Part 3 - Taxpayer's Copy**
Form **668 (Y)(c)** (Rev. 02-04)

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**

SMALL BUSINESS / SELF-EMPLOYED DIVISION

Date: 02/24/2016

WILLIAM H DOURLAIN
8048 CASENOVIA ROAD
MANLIUS, NY 13104

Your case has been assigned to me.  You will need to send all correspondence to the address shown below until case resolution.  My contact information is also listed below.

Based on my review I have found that you have been listing arguments regarding your tax obligations.  Please go to IRS.gov and search Truth about Frivolous Arguments for your answers. I will not be addressing them since the courts have already deemed them frivolous in nature. Also I have found that you have already been to Tax Court on these matters, which the Judge dismissed.

I have enclosed a copy of your account transcript.  The assessments are based on Substitute for Return assessments based on IRC 6020b procedures. The amounts are based on income reported to the IRS.  In order to correct these figures you would need to file an original 1040 return claiming the income and any allowable deductions.

I have prepared Form 9297, Summary of Taxpayer Contact.  This form lists the items or actions required in order to move towards resolution of the case, and their required due dates. If you want a face to face meeting it will be held in an IRS facility.

If I do not receive the items listed on Form 9297 by the dates specified I will continue with collection.  This can include issuing a summons, placing a levy on your assets and possibly seizure and sale of your assets.

If you have any questions or need more information, please contact me at the address or the telephone number listed below:

Internal Revenue Service
153 SAWKILL ROAD
KINGSTON, NY 12401
Phone#:  (845)340-2533
Fax#:  (855)469-0607

Sincerely,

HOLLY NICHOLSON
REVENUE OFFICER
Employee ID#:  1001023159

Enclosure(s):
Form 9297
Publication 1
Publication 594
Form 433A
Account Transcript
Income Information 2012, 2013 & 2014

## CERTIFICATE OF SERVICE

*****************************

WILLIAM H. DOURLAIN,

              Plaintiff,

                                     Civil Action No.

     v.

UNITED STATES/INTERNAL REVENUE SERVICE

              Defendant.

*****************************

On Feb 29, 2016 the attached **Complaint** along with a copy of this **Certificate of Service** was hand delivered to:

                     U.S. Attorney's Office
                     100 South Clinton St.
                     Syracuse, NY 13261

A mailed copy was sent to the following:

                     Internal Revenue Service
                     1500 Pennsylvania Ave
                     Washington, DC 20220.

                                 *William H. Dourlain*
                                 William H. Dourlain
                                 Feb 29, 2016