UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM H. DOURLAIN,

      Plaintiff,

                5:16-CV-0245 (GTS/DEP)

v.

UNITED STATES/INTERNAL REVENUE
SERVICE,

      Defendant.
_____

APPEARANCES:                OF COUNSEL:

WILLIAM H. DOURLAIN
 Plaintiff, *Pro Se*
8048 Cazenovia Road
Manlius, New York 13104

U.S. DEPARTMENT OF JUSTICE        JAMES M. STRANDJORD, ESQ.
 Counsel for Defendant
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

   Currently before the Court, in this action filed by William H. Dourlain ("Plaintiff")

against the "United States/Internal Revenue Service" ("Defendant") challenging the validity of

Notices of Federal Tax Liens, is Defendant's motion to dismiss Plaintiff's Complaint for failure

to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), and for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Dkt. No. 8.) For the

reasons set forth below, Defendant's motion is granted.

I.   **RELEVANT BACKGROUND**

   A.   **Plaintiff's Complaint**

Defendant has filed four Notices of Federal Tax Liens ("Notices") against Plaintiff, dated November 26, 2012, June 19, 2013, October 29, 2015, and February 25, 2016. (Dkt. No. 1, at 29, 31, 33-34 [Pl.'s Compl.]; Dkt. No. 1, Attach. 2, at 1-2 [Ex. to Pl.'s Compl.].) Generally, liberally construed, Plaintiff's Complaint alleges that the Notices are invalid for the following eleven reasons: (1) there is no authority for filing the Notices against Plaintiff under the Administrative Procedures Act, 5 U.S.C. §§ 551-559; (2) pursuant to 26 U.S.C. § 7601, no Executive Orders currently exist to establish internal revenue districts for the collection and enforcement of Subtitle A income taxes; (3) the regulations used by the Internal Revenue Service ("IRS") for its assessment authority under 26 C.F.R. § 301.620 and its method of assessment under 26 C.F.R. 301.6203 are not enforceable because they are not published in the Federal Register; (4) the authorized assessment of taxes under 26 U.S.C. § 6201, which is derived from section 3182 of the Revised Statutes of 1874, applies only to tobacco and distilled spirits and, therefore, the liens are invalid to the extent that they are based upon a non-alcohol or non-tobacco tax; (5) the authority to lien for taxes under 26 U.S.C. § 6321, which is derived from section 3186 of the Revised Statutes of 1874, applies only to cotton and distilled spirits and, therefore, the liens are invalid to the extent that they are based upon a non-alcohol or non-cotton tax; (6) the wages paid to private sector employees are not taxable; (7) the term "Gross Income" does not include wages paid to private sector employees; (8) the regulation used by the IRS to define "Gross Income" under 26 C.F.R. § 1.61-1 is not published in the Federal Register and, therefore, the IRS' claim that Plaintiff had gross income under an unpublished regulation is

invalid; (9) the law does not authorize collections against Plaintiff because 26 C.F.R. § 301.6301-1, which is the regulation used by the IRS for its collection authority, is not published in the Federal Register; (10) regulations for assessment, liens, levy, and collection cannot be enforced against Plaintiff because they are not published in the Federal Register; and (11) the Notices are inchoate because they were not perfected by obtaining a court order and/or judgment as required by the Federal Debt Collections Procedure Act. (Dkt. No. 1, ¶¶ 1-11 [Pl.'s Compl.].)

> B.  Parties' Briefing on Defendant's Motion to Dismiss
>
>> 1.  Defendant's Memorandum of Law

Defendant asserts five arguments in support of its motion to dismiss. (Dkt. No. 8 [Def.'s Mem. of Law].) First, Defendant argues that the United States has not waived its sovereign immunity from suit for claims challenging the existence or extent of substantive tax liability. (*Id.* at 4-5.) Although a judicially created waiver of sovereign immunity exists under 28 U.S.C. § 2410 for claims that contest a lien by challenging procedural irregularities in the assessment process, Defendant argues that the Complaint does not allege any procedural irregularities.[1] (*Id.* at 5-6.) Rather, Defendant argues that a taxpayer who seeks to challenge the existence or extent of substantive liability, such as Plaintiff, must either (a) file a petition with the United States Tax Court within 90 days of receiving a notice of deficiency, or (b) pay the tax liability in full and file a claim in United States District Court for a refund. (*Id.*) Defendant argues that the latter requirement is equally applicable in instances where the taxpayer seeks to challenge federal tax liens on non-procedural grounds. (*Id.* at 6.)

---

[1] Defendant argues that the validity of this judicially created waiver is now questionable because 26 U.S.C. §§ 6320 and 6330 have subsequently been enacted, which create a judicial review of procedural challenges in the United States Tax Court. (Dkt. No. 8, Attach. 1, at 5 n.3 [Def.'s Mem. of Law].)

Second, Defendant argues that the Complaint's allegations could state a claim under 26 U.S.C. § 7433, which allows a taxpayer to bring a civil action for damages where, *inter alia*, an IRS employee recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code in relation to the collection of federal tax from a taxpayer. (*Id.*) However, Defendant argues that such a claim is futile in this instance because 26 U.S.C. § 7433 merely provides for a civil action for damages and Plaintiff's Complaint instead seeks "[t]he condemning of the Attached Notice of Federal Tax Liens pursuant to 28 U.S.C. [§] 2410." (*Id.*) In addition, Defendant argues that the United States has not consented to suit under 26 U.S.C. § 7433, which seeks to quiet title to property encumbered by federal tax liens. (*Id.* at 7.)

Third, Defendant argues that the Complaint does not allege a procedural challenge to the assessment process and, instead, challenges the IRS' authority to assess and collect taxes from Plaintiff, which is barred by sovereign immunity, for the following seven reasons: (1) the first paragraph in Plaintiff's Complaint alleges that there is no legal basis for the collection of taxes from him and, therefore, is not a procedural challenge; (2) the second paragraph in Plaintiff's Complaint alleges that "no internal revenue districts exist for the collection and enforcement of Subtitle A Income taxes" and, therefore, is not a challenge to a procedural irregularity; (3) the third paragraph in Plaintiff's Complaint alleges that the regulations relied upon by the IRS for its assessment authority and method of assessment are not published in the Federal Register, which challenges the IRS' authority; (4) the fourth and fifth paragraphs in Plaintiff's Complaint allege that the IRS Code of 1939 and 1954 authorized taxation of only alcohol, cotton, and tobacco and, therefore, the taxes assessed against Plaintiff are invalid; (5) the sixth, seventh, and eighth paragraphs in Plaintiff's Complaint are not related to a procedural challenge because they allege

that (a) wages paid to private sector employees are not taxable, (b) gross income does not include wages paid to private sector employees, and (c) the regulations that define gross income are invalid; (6) the ninth and tenth paragraphs in Plaintiff's Complaint challenge the IRS' authority to collect taxes and enforce the laws of the United States because they allege that the law does not authorize collections against Plaintiff due to certain regulations not being published in the Federal Register; and (7) the eleventh paragraph in Plaintiff's Complaint challenges the validity of 26 U.S.C. § 6322, which dictates that a lien arises at the time that an assessment is made, and not a procedural irregularity. (*Id.* at 7-11.)

Fourth, Defendant argues that Plaintiff's requested relief is prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421, which removes jurisdiction from federal and state courts to entertain suits seeking injunctions that prohibit the collection of federal taxes. (*Id.* at 11-12.) More specifically, Defendant argues that, although the Complaint states that "[t]his is not a suit for an injunction or restraint," the only relief requested is "[t]he condemning of the Attached Notice of Federal Tax Liens pursuant to 28 U.S.C. [§] 2410." (*Id.* at 12.) Therefore, Defendant argues that the Complaint seeks, in effect, to preclude the Government from collecting against Plaintiff's property and is barred by the Anti-Injunction Act. (*Id.*) Although there is an exception to 26 U.S.C. § 7421, Defendant argues that the Complaint fails to allege facts plausibly suggesting entitlement to this exception because (a) it does not allege that Plaintiff would suffer irreparable injury if collection were effected, and (b) Plaintiff has an adequate remedy at law to challenge the filing of a notice of federal tax lien by requesting a hearing with the IRS that is reviewable by the United States Tax Court and not the United States District Court. (*Id.* at 12-13.)

Fifth, and finally, Defendant argues that the Complaint fails to state a plausible claim for relief because the allegations relate entirely to unsubstantiated and frivolous legal conclusions. (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Plaintiff makes the following two arguments in opposition to Defendant's motion. (Dkt. No. 14 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that Defendant did not follow correct procedure before filing the Notices of Federal Tax Liens with the local county clerk's office because they were not certified by the Secretary of the United States Treasury as required by 26 C.F.R. § 301.6323(f)-1 and N.Y. Lien Law § 244. (*Id.* at 1-3, 5-6.)

Second, Plaintiff argues that Defendant has failed to provide a clear tax liability pursuant to 26 C.F.R. § 301.6323(f)-1(d)(2) because the Notices of Federal Tax Liens list "1040" under the column for "Kind of Tax." (*Id.* at 3-6.) Plaintiff argues that this makes the Notices defective because 1040 does not impose any tax liability. (*Id.* at 5.)

### 3. Defendant's Reply Memorandum of Law

Generally, Defendant asserts the following four arguments in reply to Plaintiff's opposition memorandum of law. (Dkt. No. 15 [Def.'s Reply Mem. of Law].)

First, Defendant reiterates its argument that Plaintiff's challenges to the underlying assessment of taxes against him do not implicate a waiver of sovereign immunity to this action. (*Id.* at 3-4.) Furthermore, Defendant argues that Plaintiff's contention that Section 1040 does not impose a tax liability against him is nothing more than a challenge to the merits of his tax assessment rather than a challenge to a procedural irregularity. (*Id.*) Similarly, Defendant argues that, while Plaintiff's contention that the Notices of Federal Tax Liens were not properly

recorded potentially implicates a procedural irregularity (and waiver of sovereign immunity), this contention does not open the door to a challenge to the merits of the tax liability alleged in the Complaint. (*Id.* [citing *Follum v. U.S.*, 199 F.3d 1322 (2d Cir. 1999)].)

Second, Defendant argues that the Notice of Federal Tax Lien need not be certified by the Secretary of the United States Treasury because state law requirements regarding the form or content to record a Notice of Federal Tax Lien do not affect the validity of the underlying federal tax lien. (*Id.* at 6-7 [citing *Matthies v. Nave*, 02-CV-0107, 2002 WL 31689437, at *2 [D. Mont. Oct. 16, 2002]].)

Third, Defendant argues that it is well settled that a Notice of Federal Tax Lien is not invalid because it lists "104" as the "Kind of Tax" from which the taxpayer's liability arises, and that a contrary contention has been consistently rejected as frivolous by federal courts. (*Id.* at 7.)

Fourth, and finally, Defendant argues that, to the extent that Plaintiff relies on *Tandy Leather Co. v. United States*, 347 F.2d 693 (5th Cir. 1965), for the proposition that there is no statute that imposes an income tax upon him, that reliance is misplaced because it is well settled that 26 U.S.C. § 1(c) imposes an income tax upon individuals and is constitutionally valid. (*Id.* at 8.)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d

204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d

ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

---

[2] *See Vega v. Artus,* 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

rights plaintiffs must follow.³ Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28 [citations omitted].⁴

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.⁵

---

³ *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

⁴ It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

⁵ *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[6]

---

573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[6] *See Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

### B. Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### III. ANALYSIS

After carefully considering the matter, the Court finds that Plaintiff's Complaint should be dismissed for all the reasons stated in Defendant's memoranda of law. *See*, *supra*, Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court would add only that, ordinarily, *pro se* plaintiffs, such as Plaintiff in this case, should be afforded an opportunity to amend his/her complaint prior to its dismissal. However, the Court finds that any amendments to Plaintiff's Complaint would be futile for the reasons stated in Defendant's reply memorandum of law. (Dkt. No. 15, at 3-8 [Def.'s Reply Mem. of Law].) More specifically, Defendant correctly argues that the United States enjoys sovereign immunity from suit but that the Second Circuit has construed 28 U.S.C. § 2410 to waive immunity where a party "challenge[s] procedural

irregularities in the assessment process." *Johnson v. United States*, 990 F.2d 41, 42 (2d Cir. 1993). In opposition to Defendant's motion, Plaintiff raises new claims that were not included in his Complaint in an attempt to invoke this exception. However, the Court agrees with Defendant that Plaintiff's claims raise substantive challenges rather than procedural ones. In other words, Plaintiff seeks to "invalidate the underlying tax assessments completely, and permanently to free himself of liability for the taxes owed, rather than to dispute issues like the mere timing of the assessment," and, therefore, "his claim must be characterized as substantive." *Follum v. United States*, No. 99-4049, 1999 WL 1012454, at *1 (2d Cir. Oct. 15, 1999). Accordingly, Plaintiff "cannot evade the requirement that he 'pay first and litigate later' by invoking § 2410." *Follum*, 1999 WL 1012454, at *1. Alternatively, the arguments and/or new claims raised in Plaintiff's opposition memorandum of law fail for the additional reasons stated in Defendant's reply memorandum of law and because they are contrary to well-settled case precedent. (Dkt. No. 15, at 6-8 [Def.'s Reply Mem. of Law].) For all of the foregoing reasons, Plaintiff's Complaint is dismissed.

**ACCORDINGLY,** it is

**ORDERED** that Defendant's motion to dismiss the Complaint (Dkt. No. 8) is **GRANTED**. The Clerk of the Court is directed to enter judgment in favor of the Defendant and close this case.

Dated: November 18, 2016
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge